**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                                  Case No.:     3:14-cr-73-J-34JRK

WARREN ROSENFELD,

_____/

## <u>ORDER</u>

This case is before the Court on Defendant Warren Rosenfeld's "Motion for Reconsideration of the Court's Order to Lift Stay of Forfeiture Pending Appeal." (Doc. 534; Motion to Reconsider). The United States has responded in opposition. (Doc. 546; Response). On June 10, 2019, the Court lifted the stay of forfeiture because the Eleventh Circuit Court of Appeals had affirmed Rosenfeld's conviction and sentence, including the forfeiture orders, and issued the mandate. (Doc. 517; Order Lifting Stay of Forfeiture). In the Motion to Reconsider, Rosenfeld argues that the Court lacks subject matter jurisdiction to enter a forfeiture order because, according to Rosenfeld, Assistant United States Attorney Bonnie Glober "is unable to produce a current appointment, a current commission, and a current corresponding oath of office as required for investiture to office…." Motion to Reconsider at 2. Rosenfeld asserts "that no records exist[ ] for any other appointments of Glober except for an expired oath of office dated May 21, 1994. See Exhibit A hereto." Id.

Rosenfeld's arguments are facially frivolous. Ms. Glober is a duly sworn and duly appointed Assistant United States Attorney, as evidenced by the appointment affidavit attached to the Motion to Reconsider, which is dated November 12, 1995. (Doc. 534-1 at

3-4). Nothing in the appointment affidavit suggests that Ms. Glober's appointment as an Assistant United States Attorney carried a certain expiration date.

In any event, the Court's subject matter jurisdiction exists independently of Ms. Glober's appointment. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction" under 18 U.S.C. § 3231. United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014) (citing Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000)). Here, the Indictment (Doc. 1) charged Rosenfeld with committing wire fraud and conspiracy to commit wire fraud, among other things, in violation of 18 U.S.C. §§ 1343, 1349, and 2 – each one a criminal statute in the United States Code. By doing so, the Indictment did all that was necessary to give the Court subject matter jurisdiction over the offenses for which Rosenfeld was convicted. Brown, 752 F.3d at 1354. Accordingly, Rosenfeld's arguments are unavailing and the Motion to Reconsider (Doc. 534) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of November, 2019.

**MARCIA MORALES HOWARD**
United States District Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner